# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BIRCH TELECOM, INC., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 05-12237 (PJW) <br> Jointly Administered <br><br> Response Deadline: October 20, 2005 at 4:00 p.m. <br> Hearing Date: October 27, 2005 at 11:00 a.m. |

## APPLICATION FOR ORDER APPROVING RETENTION OF CHANIN CAPITAL PARTNERS LLC, *NUNC PRO TUNC* AS OF SEPTEMBER 7, 2005, AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 1103(a) AND 328(a) AND FED.R.BANKR.P. 2014 AND REQUEST FOR WAIVER OF CERTAIN REQUIREMENTS UNDER DEL.BANKR.LR 2016-2

The Official Committee of Unsecured Creditors of Birch Telecom, Inc., et al. (the "Committee") applies to the Court for an order approving the retention of Chanin Capital Partners ("Chanin"), *nunc pro tunc* as of September 7, 2005, as financial advisor to the Committee pursuant to 11 U.S.C. §§ 1103(a) and 328(a) and Fed.R.Bankr.P. 2014 and request for a waiver of certain requirements under Del.Bankr.LR 2016-2. In support of this application, the Committee respectfully represents as follows:

1. On August 12, 2005, Birch Telecom, Inc. and the other debtors and debtors in possession (collectively, the "Debtors"),[1] filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

---

[1] The Debtors are the following entities: Birch Telecom, Inc., Birch Telecom 1996, Inc., Ionex Communications, Inc., Ionex Communications North, Inc., Ionex Communications South, Inc., Ionex Telecommunications Leasing, Inc., Telecom Resources, Inc., Birch Equipment, Inc., Birch Internet Services, Inc., Birch Kansas Holdings, Inc., Birch Management Corporation, Birch Telecom Finance, Inc., Birch Telecom of Arkansas, Inc., Birch Telecom of Kansas, Inc., Birch Telecom of Missouri, Inc., Birch Telecom of Nebraska, Inc., Birch Telecom of Oklahoma, Inc., Birch Texas Holdings, Inc., Birch Telecom of the Great Lakes, Inc., Birch Telecom of the South, Inc., Birch Telecom of the West, Inc., Capital Communications Corporation, Dunn & Associates, Inc., I.S. Advertising, Inc., Telesource Communications, Inc., American Local Telecommunications L.L.C., Birch Telecom of Texas Ltd., LLP, G.B.S. Communications, Inc., M.B.S. Leasing, Inc.

2. The Debtors have continued operating their businesses and managing their properties as debtors in possession.

3. On or about September 1, 2005, the United States Trustee held an organizational meeting of unsecured creditors (the "<u>Organizational Meeting</u>"). At the Organizational Meeting, the United States Trustee appointed the Committee pursuant to Section 1103 of the Bankruptcy Code. At the Organizational Meeting, the Committee selected Reed Smith LLP as its proposed counsel.

4. On September 7, 2005, the Committee made the determination to retain Chanin to perform certain financial advisory services.

5. The Committee selected Chanin because it has experience in cases and proceedings in or related to Title 11 of the United States Code, and because the Committee believes that Chanin will effectively represent it in these bankruptcy cases.

## **RELIEF REQUESTED**

6. The Committee seeks to employ Chanin as its financial advisor, *nunc pro tunc* to September 7, 2005, at a flat rate of $75,000 per month, plus properly reimbursable expenses and out-of-pocket costs as an expense of administration and/or in accordance with any order of this Court, subject to approval by this Court.

## **BASIS FOR RELIEF REQUESTED**

7. To assist the Committee with its statutory rights and duties under Section 1103(c) of the Bankruptcy Code, a Committee may retain financial advisors.

8. Section 328(a) of the Bankruptcy Code provides, in relevant part, that "a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section …1103 of this title, …on any

reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingency fee." 11 U.S.C. § 328(a).

9. These bankruptcy cases are progressing rapidly. This Court has already conducted hearings and is on the eve of conducting additional hearings on many motions and applications filed by the Debtors, including motions regarding debtor is possession financing, the use of cash collateral and a key employee retention plan. Due to the rapid pace during which the aforementioned motions have been presented to the Court and the Committee's immediate need for the assistance of a financial advisor to evaluate the appropriateness of the financial terms of such motions, the Committee sought the assistance of Chanin prior to the filing of this application. Moreover, the time necessary to review the results of a comprehensive computer conflicts check takes a significant amount of time in cases such as the Debtors', with a relatively large number of institutional creditors and other parties in interest. Therefore, the Committee requests that this Court approve this Application, *nunc pro tunc* to September 7, 2005, in order to compensate Chanin for work performed prior to the prompt submission of this Application to the Court. See, *e.g.*, F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.), 844 F.2d 99, 103 (3d Cir.) (not approving application *nunc pro tunc* where counsel delayed for *seven* months before filing employment application), cert. denied, 488 U.S. 852 (1988); In re Arkansas Co., 798 F.2d 645, 649-50 (3d Cir. 1986) (not approving application *nunc pro tunc* where counsel for committee delayed for *thirteen* months before filing employment application).

### Chanin's Eligibility as Financial Advisor for the Committee

10. These cases are likely to raise complex issues, and the Committee will require a financial advisor with extensive experience in insolvency and bankruptcy cases, as well as specialized industry experience.

3

11. The Committee has selected Chanin based on its experience and expertise in providing financial advisory services in chapter 11 cases. The Committee believes that Chanin is well qualified and uniquely able to provide financial advisory services to it in these cases in an efficient manner. Moreover, Chanin has advised debtors and creditors committees in numerous restructuring transactions, including some of the largest and most complicated cases. Some of Chanin's more prominent recent creditor committee representations were in the following chapter 11 cases:

> ATX Communications, Inc.
> Citation Corporation
> Cable & Wireless USA, Inc.
> Covad Communications Group, Inc.;
> Focal Communications Corporation
> MacLeodUSA Incorporated;
> Converse, Inc.
> Stone & Webster, Inc.

12. The Committee believes that the retention of Chanin is in the best interests of the Debtors' estates and their creditors.

13. The professional services that Chanin will render to the Committee so that the Committee can execute its duties under Section 1103(c) include, without limitation, the following:

(i) Review and analyze the Debtors' operations, financial condition, business plan, strategy, and operating forecasts;

(ii) Analyze any post petition financing;

(iii) Analyze any merger, divestiture, joint-venture, or investment transaction;

(iv) Assist in the determination of an appropriate capital structure for the Debtors;

(v) Assist the Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring or Plan of Reorganization ("Plan"), including the value of the securities, if any, that may be issued to the Committee under any such restructuring or Plan;

(vi) Provide testimony, as necessary, before the bankruptcy court; and

(vii) Provide the Committee with other appropriate general restructuring advice and litigation support.

14. A copy of the engagement letter dated September 7, 2005 between the Committee and Chanin (the "Engagement Letter") is attached hereto as Exhibit A. Pursuant to the terms and conditions described in the Engagement Letter[2], Chanin will seek compensation for the services specified in this application. The Engagement Letter provides for a fee equal to $75,000 per month for the term of Chanin's engagement. In addition, the Engagement Letter provides that Chanin will receive monthly reimbursement of all reasonable out-of-pocket expenses, including, without limitation to, reasonable travel expenses, computer and research charges, reasonable attorney fees[3] (provided that such attorney fees shall not exceed $25,000 without the Committee's prior consent; provided that no prior consent shall be required in connection with legal fees incurred by Chanin in connection with objections to Chanin's retention, or in the prosecution of interim and final fee applications before the Bankruptcy Court) messenger services, and long distance telephone calls incurred by Chanin in connection with the services to be provided to the Committee.

---

[2] This Application contains a summary of the terms of the engagement of Chanin. Therefore, in the event that there is an inconsistency between this Application and the Letter Agreement, the Engagement Letter shall control.

[3] All fees and expenses incurred by any attorney for Chanin shall be subject to a reasonableness review by the Bankruptcy Court. In addition, Chamin's attorney fees shall not exceed $25,000 without the Committee's prior consent; provided that no prior consent shall be required in connection with legal fees incurred by Chanin in connection with objections to Chanin's retention, or in the prosecution of interim and final fee applications before the Bankruptcy Court.

15.     The Committee may terminate Chanin's retention at any time upon 30 days' prior written notice to Chanin. If the Committee terminates Chanin's retention, Chanin shall be entitled to receive all of the amounts with respect to the monthly advisory fee set forth in Paragraph 3(a) of the Engagement Letter, up to and including the effective date of such termination. In the event of a termination other than on the first of the month, the pro rata portion of the monthly fees for the month in which the termination is effective shall be due on the effective date of termination.

### Indemnification

16.     Subject to Court approval and pursuant to Schedule 1 of the Engagement Letter, Chanin shall be entitled to indemnification by the Debtors from and against any finally determined losses, claims, damages, judgments, assessments, costs and other liabilities (the "Expenses") and will reimburse Chanin for all fees and expenses related thereto (including reasonable counsel fees and expenses) (the "Fees"). However, the Debtors shall not be responsible for any of the aforementioned Expenses and Fees that are the result of Chanin's gross negligence, willful misconduct or breach of the Engagement Letter. The Debtors shall provide such indemnification and other obligations as set forth in Schedule 1 to the Engagement Letter, which is an integral part hereof; is hereby incorporated by reference and which is attached to Exhibit A.

### Chanin is Disinterested and Does Not Hold or Represent An Interest Adverse to the Debtor's Estate

17.     Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that:

   A. is not a creditor, an equity security holder, or an insider;

B. is not and was not an investment banker for any outstanding security of the debtors;

C. has not been within three years before the date of filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the debtors;

D. is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtors or of an investment banker specified in subparagraph (B) or (C) of this paragraph; and,

E. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtors or an investment banker specified in subparagraph (B) or (C) of this paragraph, or for any other reason.

18. To the best of the Committee's knowledge, and except as set forth in paragraph 9 of Exhibit A, Chanin has not been employed by the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or to their estate. Therefore, Chanin asserts that it is disinterested and does not hold or represent an interest adverse to the Debtors' estate.

### Requested Waiver

19. The Committee has been advised by Chanin that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Chanin's restructuring professionals do as a practice, and in the Debtors' cases will as a practice, keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis.

20. In addition, apart from the time recording practices described above, Chanin's restructuring personnel do not maintain their time records on a "project category" basis. The Committee submits that the detailed time descriptions that Chanin's restructuring personnel will

provide should be sufficient for any review of the time entries in connection with a subsequent application for compensation. Consequently, the Committee requests that Chanin be authorized to file fee applications in accordance with the foregoing time recording practices, and that the information requirements imposed by Del.Bank.LR 2016-2 be waived accordingly.

### Notice

21. Notice of this Application has been given, pursuant to Del.Bankr.LR. 2014-1(b), 9013-1 and 2002-1(b), to (i) the Committee members, (ii) the Debtors, (iii) co-counsel for the Debtors, J. Gregory Milmoe, Esquire (Four Times Square, New York, New York 10036) and Mark S. Chehi, Esquire (Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19899), (iv) the United States Trustee (Office of the U.S. Trustee, Attn: Mark S. Kenney, Esquire, 844 King Street, Suite 2313, Lockbox 35, Wilmington, DE 19801), (v) proposed counsel for the Committee Robert P. Simons, Esquire (Reed Smith LLP, 435 Sixth Avenue, Pittsburgh, PA 15219; and Kurt F. Gwynne, Esquire (Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, DE 19801), and (vi) co-counsel for the pre-petition lenders (Mark D. Collins, Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, DE 19899 and Dana P. Kane, Sidley, Austin, Brown & Wood LLP, 787 Seventh Avenue, New York, New York, 10019), (vii) the Debtors' twenty largest unsecured creditors, and (viii) all parties that have requested notice pursuant to Fed.R.Bankr.P. 2002(i).

### No Prior Request

22. No previous request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Committee respectfully requests that this Court enter an order, in the form submitted by the Committee, authorizing the Committee to employ Chanin as its financial advisor on a flat fee monthly basis, plus properly reimbursable expenses and out-of-pocket costs as expense of administration, subject to approval by this Court, to represent the Committee in these Chapter 11 bankruptcy cases.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

By: *Reginald A. Green*
for *BellSouth Telecommunications, Inc.*

Co-Chair of the Official Committee of
Unsecured Creditors

Dated: October 4, 2005